STATE EX REL. F. W. WOOLWORTH COMPANY, Appellant, vs. STATE BOARD OF HEALTH and others, Respondents.

*April 14—May 20, 1941.*

For the appellant there was a brief by *Evans, Flom & Alstad* and *M. W. Sweet,* all of Madison, and oral argument by *Mr. Sweet* and *Mr. Fred M. Evans.*

For the respondents there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

A brief was also filed by *Drought & Drought* of Milwaukee, attorneys for the Wisconsin Restaurant Association, as *amicus curiæ.*

FOWLER, J. The F. W. Woolworth Company, a corporation, procured issuance of an alternative writ of *mandamus* from the circuit court for Dane county commanding the defendant, the Wisconsin State Board of Health, to grant it a permit to conduct a restaurant in and in connection with one of its merchandising stores. The defendant moved to quash the writ. The motion was in effect a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause for issuance of a peremptory writ. The court granted the motion and the relator appeals from the order quashing the writ.

The petition recites that the relator owned premises in Milwaukee, and was conducting in the building thereon one of its several stores for the sale of various articles of merchandise, and desired to establish a restaurant in a portion of said store; that it duly made application to the defendant board for a permit to establish such restaurant and tendered to the

board the statutory fee for the issuance of such permit, which it is ready and willing to pay, but the board refused to grant such permit and to accept said fee; that its said store was so equipped as to comply with all the regulations of the board respecting sanitation and the protection of the public health, and it intended to continue to maintain such equipment and to comply with all such regulations of the board; that the portion of the store to be used as a restaurant is not "separated from the petitioner's other business in the same place by partition," but "the kitchens and other places used in connection therewith then were [at time of its application] and now are completely and effectively separated from the petitioner's other business by substantial partitions extending from the floor to the ceiling with self-closing doors for ingress and egress;" that the defendant refused and continues to refuse to grant the petitioner such permit solely on the ground and for the reason that its proposed restaurant "was not and is not separated from petitioner's other business in the same room or place by partition."

Ch. 160, Stats. 1939, relates to and provides for the licensing of "Hotels and Restaurants."

Sec. 160.05, Stats. 1939, provides that "Everyone, owning, managing, controlling or maintaining any hotel or restaurant shall conduct and maintain the same with a strict regard to the public health and safety and in conformity with this chapter [160] and the rules, regulations and orders of the state board of health." This provision inferentially declares that the purpose of ch. 160, Stats. 1939, and therefore of the licensing provisions thereof is protection of "the public health and safety."

Sec. 160.01, Stats. 1939, defines the term "restaurant" as including "any building, room or place wherein meals or lunches are prepared or served or sold to transients or the general public, and all places used in connection therewith. The term 'meals or lunches' as used herein [ch. 160] shall

not include soft drinks, ice cream, milk, milk drinks, ices and confections. The serving in taverns of free lunches consisting of popcorn, cheese, crackers, pretzels, cold sausage, cured fish or bread and butter shall not constitute such taverns to be restaurants."

Sec. 160.02 (1), Stats. 1939, provides generally for the granting of a permit for the conducting of a restaurant. Sub. (2) of said section provides that no permit shall be issued to operate or maintain any restaurant where there is conducted any other business except the sale of fermented malt and nonintoxicating beverages, intoxicating liquors, chewing gum, candies, and other confections or newspapers, unless "such restaurant and the kitchens or other places used in connection therewith are completely and effectively separated from such other business in the same room or place by substantial partitions extending from the floor to the ceiling with self-closing doors for ingress and egress. The provisions of this subsection shall apply only to restaurants commencing business after the effective date of this subsection."

Sec. 160.02, Stats., was amended by ch. 440, Laws of 1935, by merely adding to the existing statute sub. (2) next above quoted, and declaring the effective date of the amending act as March 1, 1936.

The relator's principal assignment of error is that ch. 440, Laws of 1935, which added to the existing licensing statute sub. (2) of sec. 160.02 is void under the Fourteenth amendment to the constitution of the United States and sec. 1, art. I, of the Wisconsin constitution, as denying to it due process and equality before the law.

The contention of the relator must be sustained under the rule of *State ex rel. Ford Hopkins Co. v. Mayor,* 226 Wis. 215, 276 N. W. 311, and *Juneau v. Badger Co-operative Oil Co.* 227 Wis. 620, 279 N. W. 666. The amendment being void the existing statute remained in force and by the allegations of the petition the relator is entitled to a license there-

under. In the former case we held that the provision of a city ordinance providing for the licensing of restaurants exempting from its operation restaurants in existence at the effective date of the ordinance was void, and directed the granting of a license. In the latter, a provision of an ordinance relating to licensing bulk oil stations but applying only to stations erected after the enactment of the ordinance was void under the reason of the *Ford Hopkins Case, supra,* declaring void the provision applying only to restaurants commencing business after the enactment of the ordinance. The basis for licensing the business involved herein and in the two cases cited is that it is required for the protection of the public health and safety. If protection of the public health and safety requires partitions in case of a business subsequently to be commenced, then by the same token it requires them in case of existing businesses; and if one operating an existing restaurant is not required to maintain the partition, and one about to establish a restaurant is required to maintain one, then manifestly the latter is denied equal protection with the former. The only other case we deem it needful to cite in support of the instant ruling is *Mayflower Farms v. Ten Eyck,* 297 U. S. 266, 56 Sup. Ct. 457, 80 L. Ed. 675, decided in 1936, which held unconstitutional a provision of a milk price-fixing statute applicable only to persons embarking in business, as distinguished from those having an existing advertised trade name, on the ground that the provision was discriminatory, arbitrary, and unreasonable and violative of the equal-protection clause of the Fourteenth amendment. The point involved has been so fully discussed in our two former decisions cited that we consider further elaboration unnecessary.

As the above rules the case in relator's favor we see no need to discuss relator's other alleged grounds for reversal.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded with directions to enter an order

denying the defendant's motion to quash the alternative writ and to issue a peremptory writ as prayed or for further proceedings according to law if by return defense to the petition appears.