Katt, Respondent, vs. Village of Sturtevant and others, Appellants.

*April 5—May 3, 1955.*

For the appellants there were briefs and oral argument by *L. D. Potter* of Racine.

For the respondent there was a brief and oral argument by *William W. Storms* of Racine.

BROADFOOT, J.  The defendants contend that summary judgment should not have been granted because the pleadings and affidavits in the record raise substantial issues of fact to be tried.  The complaint did allege that prior to and on the 17th day of November, 1953, plaintiff owned and maintained on his property a total of 22 mink.  This was denied in the answer.  If the plaintiff were claiming to be exempt from the operation of the ordinance under the provisions of section 5 thereof on the ground that his business was established before the adoption of either ordinance, issues of fact would be presented and a trial would have been necessary.  However, the plaintiff upon the appeal stated that he was making no such claim and that he was raising only legal questions involving the validity of the ordinance.  Therefore, if the trial court was correct in passing upon the legal questions, this was a proper case for the entry of summary judgment.

The trial court determined that the ordinance was discriminatory.  Municipal restrictions of the use of real and personal property by owners thereof must be reasonable in the classification used, and an ordinance that arbitrarily and unreasonably discriminates is void.  Generally, an ordinance that prohibits the future use of property but which permits the continuance of existing uses of the same kind discriminates in favor of those enjoying the existing use and against those who would make similar uses of their property.  The

courts have made exceptions to the general rule, particularly in the case of zoning ordinances that are otherwise valid. However, the ordinance before us is not a zoning ordinance and comes within the general rule. Ordinances that are discriminatory are held to be void within the prohibition of the equal-protection provisions of the federal and state constitutions. The trial court relied in particular upon the case of *State ex rel. Ford Hopkins Co. v. Mayor*, 226 Wis. 215, 276 N. W. 311, which was followed in *State ex rel. F. W. Woolworth Co. v. State Board*, 237 Wis. 638, 298 N. W. 183. See also *Juneau v. Badger Co-operative Oil Co.* 227 Wis. 620, 279 N. W. 666. Those cases are determinative of the issues before us. Extensive quotations therefrom would unduly burden this opinion.

The second ordinance contained a severability clause, and defendants now contend that even though section 5 of the ordinance is discriminatory, the entire ordinance is not void. On this point each side quotes from *State ex rel. Reynolds v. Sande,* 205 Wis. 495, 238 N. W. 504, although each quotes a different portion of the written decision in that case. There is no preamble to either ordinance that indicates the purpose for the adoption of the ordinances. No severability clause was made a part of the first ordinance. They were clearly adopted to prevent any more fur farms from being established in the village. Each ordinance excepted the operation of the four fur farms already operating. With section 5 of the ordinance eliminated we cannot conclude that the village board would have enacted the balance thereof. This makes applicable the following quotation from the *Reynolds Case, supra* (p. 504) :

"It is an accepted rule of construction, perhaps the converse of the one already stated, that if there appears to be reason from the act itself for the conclusion that the legislature intended it as a whole, and would not have enacted the

642

part which is valid, alone, when a part is unconstitutional the parts are not separable; in that instance if one is void the whole is void."

The intention of the village board could not be carried out if only section 5 of the ordinance is held to be void. It is not separable from the other provisions thereof, and it follows that the entire ordinance is void.

*By the Court.*—Judgment affirmed.