Town of Scott, Respondent, v. City of Merrill,
Appellant.*

*February 7—March 6, 1962.*

* Motion for rehearing denied, with $25 costs, on May 1, 1962.

For the appellant there were briefs and oral argument by *George G. Russell,* city attorney.

For the respondent there was a brief by *Schmitt, Wurster & Tinglum,* attorneys, and *Paul D. Hilton* of counsel, all of Merrill, and oral argument by *Mr. Hilton.*

GORDON, J.   The gravamen of the complaint is the appellant's alleged "circumventing and evading the requirements of sec. 66.021 (11) (b) pertaining to annexation of areas of one square mile or more of territory." The defendant's demurrer to the complaint has squarely raised the issue whether it is lawful for a city to employ separate annexation proceedings of smaller areas in order to obviate the statutory requirement of applying to the circuit court for a determination that the annexation is in the public interest. If the two regions in question were annexed in a single proceeding, the

total land would clearly have exceeded a square mile and necessitated a circuit court review.

Does severance into two separate transactions constitute a proscribed subterfuge? Is the technique proper craftsmanship within the law or an unchartered maneuver dehors the law? In tax parlance, has the city of Merrill "evaded" the requirements of sec. 66.021 (11) (b), Stats., or has it merely "avoided" them? We are of the opinion that there was no impropriety in the city's procedure, and its demurrer to the complaint should have been sustained.

The motives of a city council in annexation proceedings cannot be inquired into where its actions are in accordance with the statutes. *Schmid v. Stanton* (1958), 164 Cal. App. (2d) 683, 689, 331 Pac. (2d) 78, 82. See also *State ex rel. Boroo v. Town Board* (1960), 10 Wis. (2d) 153, 162, 102 N. W. (2d) 238. However, even if we assume on this demurrer that the purpose of the city of Merrill was to circumvent the provisions of sec. 66.021 (11) (b), Stats., this would not render the process actionable. We are unable to read into the annexation statutes a legislative expression which interdicts smaller, parallel annexations. The legislature has required a circuit court determination that an annexation is in the public interest when the territory to be annexed is a square mile or more in area; but it has not required a determination if the territory is smaller.

Many aspects of annexation are political. The signing of the annexation petition and the voting of the city council are subject to the political pressures of the conflicting interests of those who favor or oppose the annexation. While a majority of electors residing in a territory to be annexed has a commanding voice, the composition of such majority will obviously vary with the geographical size of the tract involved. When a tiny area is to be annexed, the viewpoints of small groups within the territory are more influential than

when a vast tract is the subject of annexation. The legislature may well have contemplated that a circuit court determination of public interest was needed in order to safeguard the interests of those whose voices would be comparatively insignificant from a political standpoint when the annexation of a massive area was under consideration. Attention to the rights of the inhabitants was noted in *Blooming Grove v. Madison* (1948), 253 Wis. 215, 218, 33 N. W. (2d) 312, where we said, "The right to live in a particular municipal unit is an important right and should be protected by all the safeguards that the law provides."

Although the annexations in question were handled simultaneously, they cannot be denominated mere carbon copies. A different circulator and different signers were involved in each petition. Separate votes of the city council were taken. The *opportunity* was present for the political defeat of one or the other of the annexations at the instance of the people affected.

The statute requires large annexations to meet a test which it does not demand of smaller annexations; we see no actionable wrong in the appellant's "avoiding" or "circumventing" the need of meeting such test by conducting two smaller annexations instead of one large one. It is the prerogative of the legislature to fix the ground rules for the annexation of territory. *Madison v. Monona* (1960), 10 Wis. (2d) 32, 102 N. W. (2d) 206; 37 Am. Jur., Municipal Corporations, p. 640, sec. 24; Rabin, Changes in Wisconsin Annexation Proceedings and Remedies, 1961 Wisconsin Law Review, 123–125.

In view of the foregoing conclusion we do not reach either the question of the claimed unconstitutionality of sec. 66.021 (11) (b) and (c), Stats., or the question of whether two separate annexations were necessary because these two tracts allegedly comprise two separate territories.

*By the Court.*—Order reversed.