BOERSCHINGER and others, Respondents, v. ELKAY ENTERPRISES, INC., and others, Appellants.*

*September 8—October 4, 1966.*

* Motions for rehearing denied, with costs, on December 6, 1966.

For the appellants there were briefs by *Bernard Berk* and *Berk & Pressentin,* all of Green Bay, and oral argument by *Bernard Berk.*

For the respondents there was a brief by *Kaftan, Kaftan & Kaftan* and *Robert P. Stebbins,* all of Green Bay, and oral argument by *Mr. Arthur Kaftan* and *Mr. Stebbins.*

HANLEY, J. We are satisfied the action is ripe for determination under the Declaratory Judgments Act, sec. 269.56, Stats. The town government is required to follow the statute under which the legislature has granted it power to zone. Sec. 62.23 (7), under which the town of Bellevue enacted its zoning ordinance, provides at sub. (b) as follows:

"(b) *Districts.* For any and all of said purposes the council may divide the city into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this section; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings and for the use of land throughout each district, but the regulations in one district may differ from those in other districts."

The town zoning ordinance enacted pursuant to above statute reads:

"Section II Districts 1. For the purpose of this ordinance, the Town of Bellevue, Brown County, Wisconsin, is hereby divided into four districts as follows: (1) Residence District (2) Agricultural District (3) Commercial District (4) Industrial District."

The ordinance creates one industrial district in the town. The land comprising the industrial district consisted of four separate parcels of land scattered throughout the town. The regulations for that district must, according to sec. 62.23 (7), Stats., be uniform and affect all land in the industrial district alike. The ordinance amending the general town zoning ordinance by creating paragraph 4 of sec. VIII authorized the defendants' land for use as a rendering plant but did not carry over as a similar approval to the remaining three parcels comprising the industrial district. One of the principles of law is that all persons are entitled to equal protection of the law, and any ordinance regulating the use of property must apply equally to all persons under like or similar circumstances. There must be a reasonable basis for different treatment. In *State ex rel. Ford Hopkins Co. v. Mayor* (1937), 226 Wis. 215, 222, 276 N. W. 311, this court said:

"(1)   All classification must be based upon substantial distinctions which make one class really different from another.

"(2)   The classification adopted must be germane to the purpose of the law.

"(3)   The classification must not be based upon existing circumstances only.

"(4)   To whatever class a law may apply, it must apply equally to each member thereof.

". . .

"'(5)   That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.'"

The classification is not based upon substantial distinctions which make the operation of a rendering plant and packing plant in one area of the industrial district different from any other areas in the industrial district. The effect of the amendment to the ordinance is to require the owners of the other three parcels of land located in the industrial district to obtain approval of the board of appeals in order to use their land for a rendering plant or packing-plant site while the defendant owners of the fourth parcel are exempt from seeking approval. Appellants contend separated zones may be considered separately and cite *Ball v. Town Plan and Zoning Comm.* (1959) 146 Conn. 397, 151 Atl. (2d) 327. The court determined that three lots were to be considered separately and not as an entirety as claimed by objectors. This case is distinguishable. The court stated at page 402:

"It was within the province of the commission to consider the three applications separately, because it was within its power to differentiate between them if it had reasonable grounds for doing so."

The facts in that case established reasonable grounds. A new highway location made it altogether improbable that the properties would ever be used for residential purposes. Furthermore, a short time previously a large zone for industrial uses had been established in the neighborhood, and the commission did properly consider those factors. In the case before us the record does not disclose any reasonable basis for the different treatment. In fact, no reasons are stated. The amendment to the ordinance is discriminatory since the standards set forth in the ordinance would not apply to defendant owners of the property exempted by the amendment. If the amendment is valid, the owners of the three other parcels in the industrial district would be required to meet the standards to obtain like permits. In *Katt v. Sturtevant* (1955), 269 Wis. 638, 640, 70 N. W. (2d) 188, the court said:

"Municipal restrictions of the use of real and personal property by owners thereof must be reasonable in the classification used, and an ordinance that arbitrarily and unreasonably discriminates is void."

The amendment of November 13, 1963, is a regulation which is not uniform for the use of land throughout the industrial district. It is in violation of sec. 62.23 (7), Stats., and is therefore void.

This determination makes it unnecessary to decide the ancillary issues that were raised.

Since the commencement of this action the town board on the 30th day of August, 1966, granted defendants-appellants a special land-use permit under sec. VIII, paragraph 3, of the zoning ordinance. The validity of this section of the ordinance was determined on a prior hearing in *Boerschinger v. Elkay Enterprises, Inc.* (1965), 26 Wis. (2d) 102, 122d, 132 N. W. (2d) 258, 133 N. W. (2d) 333.

The motion of dismissal filed September 6, 1966, by the defendants-respondents is denied.

It is declared and adjudged: That paragraph 4 of sec. VIII of the zoning ordinance of the town of Bellevue is void and of no effect.

The order of the trial court denying defendants-appellants' motion for summary judgment is affirmed with costs.

*By the Court.*—Orders affirmed. Remanded for determination of the issue of damages, if any.