In the matter of the petition of the city of Beloit for a determination that annexation to said city of territory described in an annexation ordinance enacted by said city on February 6, 1967, is in the public interest: CITY OF BELOIT, Respondent, v. TOWN of BELOIT and others, Intervenors-Appellants.*

*January 4—January 30, 1968.*

* Motion for rehearing denied, with costs, on April 9, 1968.

For the appellants there were briefs by *Richard W. Cutler* and *Samuel J. Recht,* both of Milwaukee, attor-

neys, and *Brady, Tyrrell, Cotter & Cutler* of Milwaukee; *Garrigan, Keithley, O'Neal, Dobson & Elliott* of Beloit; *Campbell, Brennan, Steil & Ryan* of Janesville; and *Caskey & Collins* of Beloit, of counsel, and oral argument by *Richard W. Cutler.*

For the respondent there was a brief by *Samuel B. Loizzo,* city attorney, and *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, special attorneys, and oral argument by *Trayton L. Lathrop.*

HALLOWS, C. J.   The facts are simple and undisputed. On February 6, 1967, the city council of the city of Beloit enacted an ordinance under sec. 66.021, Stats., for the annexation to the city of certain lands situated in the towns of Beloit, Rock, Turtle, and La Prairie.   Since the area annexed was in excess of one square mile, the city was required by sec. 66.021 (11) (b) to immediately petition the circuit court for a determination that the annexation was in the public interest.   The question on appeal is whether this requirement is constitutional.

In 1957 the legislature enacted revised statutes relating to annexations.   In sec. 66.021, Stats., it provided that territory contiguous to a city or village could be annexed either by (a) direct annexation, or (b) referendum.   The details of these methods were set forth.   In 1959 by sec. 66.021 (11) (a) additional requirements were provided for annexations in a county having a population of over 50,000.   The state director of the planning function in the department of resource development [1] must be notified of the proposed annexation and within twenty days the director may give his opinion that the annexation is against public interest.   His reasons therefor must be

---

[1] The phrases "director of the planning function" and "department of resource development" used in sec. 66.021 have by the Laws of 1967, ch. 211, sec. 21 (1) been changed to "head of the planning function" and "department of local affairs and development," respectively.

given within the next ten days. Public interest for this purpose is defined in paragraph (c) [2] in terms of governmental services to be supplied, the shape of the proposed annexation, and the homogeneity of the territory. The annexing municipality is required to review this advice before taking final action on the annexation.

In 1959, sec. 66.021 (11) (b), Stats., was also added to sec. 66.021 and requires "Whenever a village or city adopts an ordinance annexing an area of one square mile or more, it shall immediately petition the circuit court of the county in which the village or city is situated for a determination that the annexation is in the public interest and the ordinance shall not be in effect until the court so determines." This section also provides the court shall receive an advisory report from the state director of regional planning on whether or not the annexation is in the public interest as defined in paragraph (c).

The trial court in holding sec. 66.021 (11) (b), Stats., was unconstitutional as an unauthorized delegation of legislative power to the judiciary, relied on *Scharping v. Johnson* (1966), 32 Wis. 2d 383, 145 N. W. 2d 691, and *In re Incorporation of Village of North Milwaukee*

---

[2] "66.021 (11) REVIEW OF ANNEXATIONS. . . .

"(c) Definition of public interest. For purposes of this subsection public interest is determined by the director of the planning function in the department of resource development after consideration of the following:

"1. Whether the governmental services, including zoning, to be supplied to the territory could clearly be better supplied by the town or by some other village or city whose boundaries are contiguous to the territory proposed for annexation which files with the circuit court a certified copy of a resolution adopted by a two-thirds vote of the elected members of the governing body indicating a willingness to annex the territory upon receiving an otherwise valid petition for the annexation of the territory.

"2. The shape of the proposed annexation and the homogeneity of the territory with the annexing village or city and any other contiguous village or city."

(1896), 93 Wis. 616, 67 N. W. 1033. The trial court was of the opinion the delegation was clearly unconstitutional because the circuit court was granted an unlimited power to determine what constituted public interest and this power was not limited by the definition of public interest in paragraph (c), nor was such a term a codification of or to be equated with the "rule of reason" of juridical origin.

We reach the same conclusion as did the trial court but with less alacrity and confidence. But we hasten to add that in this day of restless technical and social change this court is alert to the necessity of guarding against a well-meaning fusion of judicial and legislative power. We start with the basic principles of constitutional law and statutory construction: (1) That the statute must be presumed to be valid and constitutional, 2 Sutherland, *Statutory Construction* (3d ed.), pp. 326, 327, sec. 4509; *A B C Auto Sales, Inc., v. Marcus* (1949), 255 Wis. 325, 38 N. W. 2d 708; *White House Milk Co. v. Reynolds* (1960), 12 Wis. 2d 143, 106 N. W. 2d 441; and (2) if a statute is open to more than one reasonable construction, the construction which will accomplish the legislative purpose and avoid unconstitutionality must be adopted. *Attorney General v. Eau Claire* (1875), 37 Wis. 400; *State ex rel. Harvey v. Morgan* (1966), 30 Wis. 2d 1, 139 N. W. 2d 585; *Gelencser v. Industrial Comm.* (1966), 31 Wis. 2d 62, 141 N. W. 2d 898. Of course, the court cannot give a construction which is unreasonable or overlook language in order to sustain legislation, but likewise the construction need not be the most natural or obvious. See *State ex rel. Reynolds v. Sande* (1931), 205 Wis. 495, 238 N. W. 504.

But even considering the construction contended for by the Towns we are unable to find that the section only prescribes the conditions necessary for an annexation and all that is delegated to the courts is the power to determine whether those conditions exist. Many years ago in *In re*

*Incorporation of Village of North Milwaukee, supra,* at page 624, we held, "The question as to whether incorporation is for the best interest of the community in any case is emphatically a question of public policy and statecraft, not in any sense a judicial question; and in attempting to submit that question to the decision of the circuit court the legislature has undoubtedly done that which the constitution forbids." While the case involved incorporation of a village, the principle is fundamental and has been followed both in this state and elsewhere.[3] Its latest recognition was in *Scharping v. Johnson, supra,* also an incorporation case, and we now apply the principle to annexation cases.

There is no question that if we consider public interest as an unrestricted term or concept, as did the trial court, the determination of what political and economic expediency constitute public interest is a legislative function. What is "desirable" or "advisable" or "ought to be" is a question of policy, not a question of fact. What is "necessary" or what is "in the best interest" is not a fact and its determination by the judiciary is an exercise of legislative power when each involves political considerations and reasons why there should or should not be an annexation. This is the general and universal rule which sharply draws the differentiating line between legislative power and judicial power and by which the validity of the delegation of functions to the judiciary by the legislature is determined. *State ex rel. Klise v. Riverdale* (1953), 244 Iowa 423, 57 N. W. 2d 63; *Auburndale v. Adams Packing Asso.* (Fla. 1965), 171 So. 2d 161; *Ruland v. Augusta*

---

[3] See *e.g., Fenton v. Ryan* (1909), 140 Wis. 353, 122 N. W. 756; *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407; *United States Shoe Workers, etc., v. Wisconsin Labor Relations Board* (1938), 227 Wis. 569, 279 N. W. 37; *Clintonville Transfer Line v. Public Service Comm.* (1945), 248 Wis. 59, 21 N. W. 2d 5; *Fort Howard Paper Co. v. Fox River Heights Sanitary Dist.* (1947), 250 Wis. 145, 26 N. W. 2d 661; *School Board v. State Superintendent* (1963), 20 Wis. 2d 160, 121 N. W. 2d 900.

(1926), 120 Kan. 42, 242 Pac. 456; *St. Joseph v. Hankinson* (Mo. 1958), 312 S. W. 2d 4; Annot. (1930), 69 A. L. R. 266, 267, 268.

The appellants correctly argue the broad definition of public interest is not applicable in this case because the statute confines public interest for the purpose of this type of annexation to three factors: Government service, shape and homogeneity. It is further argued these three factors have often been used by the courts under the rule of reason to review annexations and in effect all the section does is to codify this concept and make its application a mandatory part of the annexation process. This is a two-phased argument. We think the determination of public interest is restricted to the consideration of the factors enumerated and both the state director of regional planning and the circuit court are so limited. The legislative history of the section would indicate the concept of public interest is limited and the legislature intended to avoid the *North Milwaukee Case* in providing for a court's determination of public interest on designated factors. The purpose of subsection (11) is stated in notes which were a part of Bill No. 226, A.,[4] creating the subsection. The belief is therein expressed that the advisory report of the state administrative officer would supply a sufficient foundation to avoid the proscription of the *North Milwaukee Case.* Perhaps the legislature intended to leave only a question of the existence of certain facts for the court to decide without having to consider political

---

[4] The note following the introductory clause of Bill No. 226, A., states in part:

"The North Milwaukee case held that determining whether the creation of a municipality was in the public interest was a legislative matter that could not be handled by the judicial branch of the government. It was the opinion of legal experts that requiring a state administrative officer to make recommendations to the court based on statutorily prescribed standards provided sufficient legislative guidance to maintain the purely judicial function of the courts."

factors, but the question is, does the statute as enacted avoid the *North Milwaukee Case?*

We pointed out in *Nash v. Fries* (1906), 129 Wis. 120, 108 N. W. 210, relied on by the appellants, there was a distinction between the function of deciding a question of legislative policy and the ascertainment of existence of certain facts and conditions upon which the legislature had decided and declared the policy. In that case the court was considering the phrase "in its discretion," which was used in a statute providing the procedure for the organization of a town. The court took the view of favoring constitutionality and found the only discretion in the court was as a trier of facts to determine whether the conditions for organization required by the statute in fact existed and the section did not compel the court to pass upon the advisability of the incorporation after the facts had been so determined. A similar view was taken in *St. Joseph v. Hankinson, supra.*

However, we have difficulty applying this reasoning to sec. 66.021, Stats. This section does not require the ascertainment of facts as the word "fact" is normally understood but requires the determination of public interest. This narrow concept of public interest still leaves the court with too much discretion to determine whether such public interest requires the annexation. Nor is there any standard provided by which to determine which governmental services are "better supplied" or what the "shape" of the annexed territory should be. If the court were to determine these three factors as facts and end there, perhaps we would have a different question. But, they are not found by the court as facts upon which the annexation necessarily stands or falls, but constitute elements considered by the court in the process of determining public interest, *i.e.,* the advisability and desirability of the annexation after receiving an advisory opinion on the subject by a legislative agent.

A court cannot substitute its judgment for that of an administrative agency determining a legislative matter within its province. *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407; *Scharping v. Johnson, supra. A fortiori* a court cannot form its own judgment of legislative policy even upon the advice of an administrative agency. The determination required by the statute is not by way of review but is a condition precedent to the validity of the annexation. While this is not controlling, it is of some significance.

We think, too, the argument that the definition of "public interest" is a codification of the rule of reason is not persuasive. We pointed out in *Town of Fond du Lac v. City of Fond du Lac* (1964), 22 Wis. 2d 533, 126 N. W. 2d 201, the rule of reason had its roots in *Smith v. Sherry* (1880), 50 Wis. 210, 6 N. W. 561. The rule of reason there applied concerned the application of a constitutional requirement (art. XI, sec. 3) to a legislative enactment relating to the creation and change of boundaries of cities and villages. In the *Fond du Lac Case* the court was not advancing its own ideas of the advisability or feasibility of the annexation when it struck down the annexation. It was not the fact that a hole in the area or an island was left unannexed, but it was the reason for leaving the island which was important and stamped the action of the municipality as arbitrary and capricious. We used the rule of reason to review the method by which the municipality exercised its legislative function, not to determine the merits of the legislative choice.

In *Town of Brookfield v. City of Brookfield* (1957), 274 Wis. 638, 80 N. W. 2d 800, in applying the rule of reason to the annexation there involved, we pointed out that facts proper for a determination of legislative policy such as reasonable suitability and adaptability of the territory for annexation and the reasonable necessity for the proper growth development and welfare of the city

may be reviewed, but "Upon a review the courts cannot disturb the council's determination unless it appears that it is arbitrary and capricious or is an abuse of discretion." 274 Wis. at page 646. *See also In re Village of Oconomowoc Lake* (1955), 270 Wis. 530, 72 N. W. 2d 544.

We think *Elmwood Park v. Racine* (1966), 29 Wis. 2d 400, 139 N. W. 2d 66, does not support the position of the appellants. We pointed out that while the standards for a public interest determination in secs. 66.02 and 66.021, Stats., were compatible with the rule of reason as applied to legislative action pursuant to those sections, the absence of such standards in sec. 66.024 did not abrogate the rule of reason. Consequently, we applied the rule of reason to the annexation proceeding under sec. 66.024. It might well be pointed out that since the rule of reason is a standard to determine whether the exercise of legislative power is valid and is founded upon a constitutional basis the legislature could not very well abrogate it.

Likewise, the holdings in *Mt. Pleasant v. Racine* (1965), 28 Wis. 2d 519, 137 N. W. 2d 656, and in *Scott v. Merrill* (1962), 16 Wis. 2d 91, 113 N. W. 2d 846, are not support for the proposition this court equates the rule of reason with a public interest determination. The factors may be the same but their use and the court's function in respect to them are radically different.

We think therefore that the judicial determination of public interest in sec. 66.021 (11) (b), Stats., is not the same function as applying the rule of reason. If the intention of the legislature was to have the court apply the rule of reason, it should not have provided for a determination of public interest but for a review of the action of the municipality to determine whether that action of the municipality was arbitrary or capricious.

The trial court in holding that although sec. 66.021 (11) (b), Stats., was invalid, the balance of sec. 66.021 was unaffected relied on *Hillside Transit Co. v. Larson* (1954), 265 Wis. 568, 62 N. W. 2d 722, and on the general severability provision of sec. 990.001 (11). It is quite

true the general rule is that if an amendment to a valid statute is attempted and the amendatory act is invalid, the preexisting statute remains in force even though the attempted amendment involved is a nullity. All the cases cited for this proposition in *Hillside Transit Co. v. Larson, supra,* involved amendments which did not go to the heart of the basic law but were in the form of exceptions thereto. In *State v. Evans* (1907), 130 Wis. 381, 110 N. W. 241, the exception involved the application of certain regulations to the practice of pharmacy. In *Reliance Auto Repair Co. v. Nugent* (1915), 159 Wis. 488, 149 N. W. 377, the amendment claimed invalid provided an exception for nonresidents to the basic procedure of an appeal from the civil court of Milwaukee county. *State ex rel. F. W. Woolworth Co. v. State Board* (1941), 237 Wis. 638, 298 N. W. 183, involved an exception by way of an amendment to a licensing law applicable to restaurants; and *Reitz v. Mealey* (1941), 314 U. S. 33, 62 Sup. Ct. 24, 86 L. Ed. 21, involved an amendment to a bankruptcy act.

We think these cases are not applicable to the present facts where sec. 66.021 (11) (b), Stats., cannot be considered an exception to a basic procedure but is part and parcel of the annexation procedure of territory comprising one square mile or more. Such annexations are separately classified and given greater safeguards because of special problems involved in annexations of large areas. This was pointed out in *Scott v. Merrill, supra,* where it was said that the requirement of a court determination in such cases was a safeguard in an annexation of a massive area. Although the constitutionality of sec. 66.-021 (11) (b) and (c) was raised, it was not reached and was expressly not considered in that case. We think the determination of public interest by a circuit court was intended by the legislature to be part and parcel of the annexation procedure involving an area of one square mile or more and such annexation was not to be valid without such determination. The section expressly provides "the ordinance shall not be in effect until the court so deter-

mines." This essential condition precedent to the viability of the ordinance cannot occur.

While sec. 66.021, Stats., is not unconstitutional as to annexations which involve less than one square mile of area, we can under sec. 990.001 (11),[5] limit the unconstitutionality of the section in its application to the circumstances. We hold, therefore, only the annexation procedure provided in sec. 66.021 is invalid when applied to an annexation of one square mile or more. This is no great hardship. Municipalities may use sec. 66.024, when applicable or confine the annexations to areas of less than one square mile as in *Scott v. Merrill, supra,* until the legislature devises a valid procedure suitable for the annexation of large areas.

This opinion requires no change in the order of dismissal of the lower court but does affect the scope of its decision because the ordinance of the city of Beloit does not result in a valid annexation.

*By the Court.*—Order affirmed.

---

[5] "(11) SEVERABILITY. The provisions of the statutes are severable. The provisions of any session law are severable. If any provision of the statutes or of a session law is invalid, or if the application of either to any person or circumstance is invalid, such invalidity shall not affect other provisions or applications which can be given effect without the invalid provision or application."