Emmett J. Schnepp, J.
In this proceeding brought pursuant to article 78 of the CPLB, petitioner seeks to annul and strike out a part of the determination of the Board of Appeals of the Town of Farmington, granting in part petitioner’s application for a variance under the town zoning ordinance. By order of November 20, 1968, petitioner was permitted to continue a nonconforming use of his premises in a different structure, consisting of a mobile home, 12 feet wide by 60 feet in length, upon his premises, in a different location, upon the condition that he remove therefrom an “ existing trailer ” and additions shown in his application for a building permit dated May 1,1968. The effect of the order was to permit petitioner to maintain one (1) mobile home on his property. No triable issue of fact was raised by the pleadings and accompanying papers.
The zoning ordinance of the Town of Farmington was adopted July 15, 1957, at which time petitioner had then been residing for some time in an 8 feet by 32 feet mobile home on a lot owned by him in a Farm B district in such town. At the *936 time that the ordinance was adopted this was a nonconforming use which was permitted to be continued, ‘ ‘ but only to the extent and upon the premises and in the building or structure where such non-conforming use now exists. ’ ’ (Art. XI, § 1.)
Upon his application in 1957, the Building Inspector issued a permit for the outdoor storage of the mobile home upon this property of petitioner for an 11 indefinite ’ ’ time. The authorization for this purpose under the ordinance was limited to a temporary permit, “if it is not used as a residence” (art. VIII, § 1, par. D.) On August 28, 1961, petitioner was granted a permit to build a one-room addition to such mobile home which was described in the application as being used for “ living quarters.” On May 1, 1968, he obtained a permit from the zoning officer to locate a 12 feet by 60 feet mobile home on his property and ‘1 add to present structure to completely enclose existing trailer which must not be occupied. ’ ’ This permit was revoked on June 17, 1968, after the enclosure was completed and the new trailer moved on the premises. The notice of revocation referred petitioner to the provisions of the Zoning Ordinance authorizing the Building Inspector to issue a temporary permit for not more than one (1) trailer. (Art. VIII, § 1, par. B.) On appeal to the board, the variance was granted, subject to the conditions described above. The town also claims that petitioner added to the structure surrounding the original trailer without a building permit, and that the structure added to such trailer, violates the New York State Building Construction Code, adopted by the town effective June 9, 1965.
Only dwellings, and private garages housing not more than four automobiles, are permitted uses in Farm B residential districts, aside from various farm, professional and accessory uses. (Art. I, § 3; art. V, § 2 and § 3A.) The old trailer, so long as it was used for residential purposes, was a permitted nonconforming use. Without the variance, petitioner was prohibited from placing the new mobile home on his premises.
The old trailer was never stored outdoors as such until the new trailer was moved on the premises on June 12, 1968. The Building Inspector had the limited power to grant a temporary permit for outdoor storage of a trailer upon private property, if not used as a residence. Even assuming that the old trailer was stored outdoors, the Building Inspector exceeded his authority in granting the temporary permit for an ‘ ‘ indefinite ’ ’ period in 1957. The zoning officer in issuing the permit on May 1, 1968 allowing petitioner to construct an addition to the old trailer and locating a new trailer on the premises again exceeded *937 his authority under the ordinance. (Art. VIII, § 1, par. B; art. X, §§ 1, 2, 3; art. XI, § 1.) Such acts gave no validity to petitioner’s conduct thereunder, and no rights accrued to the petitioner herein by reason thereof. Permits improperly issued may be revoked. (Marcus v. Village of Mamaroneck, 283 N. Y. 325; Lake Mohopac Hgts. v. Zoning Bd. of Appeals, 119 N. Y. S. 2d 809; 113 Hillside Ave. Corp. v. Village of Westbury, 27 A D 2d 858.) Accordingly, the petitioner gained no rights relating to the outdoor storage of the old trailer on his property.
Further, if the court were to assume that outdoor storage of the trailer was a pre-existing nonconforming use, there was no proof of any continuity of such nonconforming use and that an unbroken sequence of such use after the zoning ordinance became effective. (Anderson, Zoning Law and Practice in New York State, § 6.43.)
Petitioner claims that the structure surrounding the original trailer is in fact a garage used for the storage of such trailer, among other things, and that a private garage is a permitted use in this Farm R district. No valid permit having been issued for such additions shown on petitioner’s application for a building permit dated May 1, 1968, the petitioner has no legal right to maintain them on his premises.
The petitioner further claims that the Zoning Ordinance is unconstitutional in that mobile homes are permitted in the zone in which petitioner’s premises are classified if occupied by ‘1 personnel engaged in the performance of duties connected solely and directly in the course of normal farm activity, ’ ’ and that such provision is discriminatory against non-farmers. (Art. VIII, § 1, par. C.) The Town Board has the unquestioned power to enact zoning laws respecting the use of property and such power is subject only to the constitutional limitation that it may not be exerted arbitrarily and unreasonably. (Vernon Park Realty v. City of Mt. Vernon, 307 N. Y. 493, 499.) The proper test for the validity of a Zoning Ordinance is whether the ordinance is based on a comprehensive and reasonable plan which considers the best interests of the entire area zoned. “Upon parties who attack an ordinance such as the present rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. ‘ If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. ’ ” (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118.)
*938 Here the town could well have determined that permiting mobile homes, to be occupied by personnel engaged in farm activity only, was in keeping with the orderly growth and development in the future and with the present needs and welfare of the entire township. The regulations apply uniformly and give reasonable consideration to the character of the district. The regulation of mobile homes bears a substantial relation to public health, safety, morals and general welfare and is a valid exercise of the police power provided it is done in a reasonable manner. (Town of Southport, v. Ross, 284 App. Div. 598.) There has been nothing established here of a convincing nature that the ordinance is unconstitutional in itself or in its application to the petitioner’s property. (Matter of Stevens v. Smolka, 11 A D 2d 896.)
For an additional reason, the board directed that the described addition be removed by reason of a violation of the Building Code which became effective in the town. The board does not have the authority to vary the application of the Building Code. (Matter of Rosenstein v. Curran, 21 A D 2d 802.)
The record discloses here that the action of the Board of Appeals in attaching the described conditions to the granting of the variance was neither arbitrary nor capricious. The conditions are designed to safeguard and preserve the general character of the neighborhood, and are within the authority of the board and apply to the zoning use of the property. (Town Law, § 267; cf. Matter of Schlosser v. Michaelis, 18 A D 2d 940.) I find therefore that the respondents are entitled to judgment dismissing the petition on the merits without costs.