CHARLES M. HILL, Secretary, Department of Local Affairs andDevelopment
You have asked my opinion on several questions which have arisen in reference to county zoning of mobile homes in an agricultural district.
You first inquire whether a county zoning ordinance, adopted pursuant to sec. 59.97, Wis. Stats., is in effect within a town which has not adopted it affirmatively.
Section 59.97 (5) (c), Stats., specifically provides in part that:
"A county ordinance adopted as provided by this section shallnot be effective in any town until it has been approved by thetown board. * * *" (Emphasis supplied.)
Subsection (5) (c) of sec. 59.97, Stats., appears fully dispositive of your first question. This section establishes, as a condition precedent to a county zoning ordinance being operative in such town, requisite approval by the town board.
Your second question asks whether a town board has the authority to approve the county zoning ordinance in the face of a negative vote registered by the town electors, presumably at the annual town meeting or a special meeting called for the purpose of considering the adoption of the ordinance. *Page 293 
A town and its officers have only such powers as are conferred on them by statute or are necessarily implied therefrom. Pugnierv. Ramharter (1957), 275 Wis. 70, 81 N.W.2d 38. Subsection (5) (c) of sec. 59.97, Stats., quoted above, clearly reposes the power to approve the county zoning ordinance exclusively with the town board. Thus, in the absence of controlling statutory authority providing for prior approval of such ordinance by the town electors, such approval rests only with the town board, and a negative vote registered by the town electors is of no legal significance.
Your third question relates to the validity of a county zoning ordinance provision which reads as follows:
"AGRICULTURAL DISTRICT. Use. In the Agricultural District no building or premises shall be used and no building shall hereafter be erected, moved, or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses:
"* * *
"8. Not to exceed one house trailer or mobile home on any operating farm that has a full complement of farm buildings, when the occupant, or head of the occupant household of such trailer or mobile home is employed in connection with the farm operation; provided that no such trailer or mobile home shall be located closer to the highway than the farm residence."
The Wisconsin Supreme Court applies the general presumption of constitutionality when judging whether comprehensive zoning ordinances are a valid exercise of the police power. State exrel. American Oil Co. v. Bessent (1965), 27 Wis.2d 537,135 N.W.2d 317. Even in that case, however, while sustaining the comprehensive zoning ordinance under consideration, the court was nevertheless also careful to point out that zoning classifications must satisfy the basic test of reasonableness, stating, at page 545:
"However, unreasonable classifications in zoning ordinances, whether comprehensive or not, and restrictions which are not reasonably germane to legitimate objectives or which prohibit a particular use of land ignoring its natural characteristics for such use or which are arbitrary have been held to be unconstitutional on *Page 294 
the facts presented. Hobart v. Collier (1958), 3 Wis. (2d) 182,87 N.W.2d 868; [other citations omitted]."
Our court has in fact held zoning classifications to be unreasonable for ignoring the natural characteristics of the area, Hobart v. Collier (1958), 3 Wis.2d 182, 87 N.W.2d 868; for lack of substantial distinctions and no basis for different treatment, Boerschinger v. Elkay Enterprises, Inc. (1966),32 Wis.2d 168, 145 N.W.2d 108; and for not being germane to the legislative purpose, Caledonia v. Racine Limestone Co. (1954),266 Wis. 475, 63 N.W.2d 697. The authority of a county to enact zoning ordinances pursuant to sec. 59.97, Stats., is therefore clearly subject to the constitutional limitation that the classification of uses permitted in a given district must be rational.
The question as to whether zoning may regulate trailer and mobile home use in an agricultural district, by requiring that such use be incidental to farm operations, apparently has not been presented to the Wisconsin courts. However, closely related questions have been passed on by courts in other jurisdictions and have been found to be based on rational distinctions.
In Gardner v. Phillips (1969), 59 Misc. 2d 934,301 N.Y.S. 2d 332, for instance, a town zoning ordinance permitting mobile homes in a farm district, if occupied by "personnel engaged in the performance of duties connected solely and directly in the course of normal farm activity," was challenged as being discriminatory against nonfarmers. In sustaining said provision as a valid exercise of the zoning authority, the following is stated, at page 335:
"* * * The Town Board has the unquestioned power to enact zoning laws respecting the use of property and such power is subject only to the constitutional limitation that it may not be exerted arbitrarily and unreasonably. * * * The proper tests for the validity of a Zoning Ordinance is whether the ordinance is based on a comprehensive and reasonable plan which considers the best interests of the entire area zoned. * * *
"Here the town could well have determined that permitting mobile homes to be occupied by personnel engaged in farm activity only, was in keeping with the orderly growth and development in the future and with the present needs and welfare of the entire township. *Page 295 
The regulations apply uniformly and give reasonable consideration to the character of the district. * * *"
The Ohio Court of Appeals in State v. Huffman (1969),20 Ohio App. 2d 263, 253 N.E.2d 812, was likewise presented with a challenge concerning application of a township zoning ordinance, which in effect regulated the use of mobile homes on farms as a conditional use, contingent upon the occupant engaging in the performance of labor services on such farm. The court, in upholding the ordinance, rejected a contention that the zoning regulation bore no substantial relationship to public health, safety, or morals and exceeded the statutory grant of power to a town, stating that the power to zone, to classify property and to determine land-use policy was a legislative function and would not be interfered with by the courts unless such power was exercised in an arbitrary or unreasonable manner.
Thus, on the basis of the Gardner and Huffman decisions, it would seem permissible to conclude that the above quoted ordinance provision would probably be sustained as a valid exercise of zoning authority.
Your fourth question inquires as to the validity of a possible alternative provision to that set forth in question three. The alternative provision would read as follows:
"One mobile home only on the same parcel of land as an established farmstead, provided that the occupant of said mobile home must either be related to the owner or occupant of the farmstead or be employed in agricultural labor by the owner or occupant of the farmstead."
The term "established farmstead" suffers from a certain intrinsic ambiguity. Conceivably, that term could refer to established farms that represent both operating and nonoperating agriculture entities. While a provision allowing a mobile home to be located only on an operating farm might well appear reasonable to the courts, I doubt that the courts would sustain a provision which also allowed mobile homes on nonoperating farms but not elsewhere in the district. Such a distinction is clearly difficult to justify on any reasonable grounds. Further, the alternate proposal introduces relationship or kinship as a basis for allowing a mobile home in an agricultural district. I fail *Page 296 
to appreciate any reasonable basis for allowing mobile homes of relatives on "established farmsteads" while at the same time refusing to allow mobile homes of relatives to be located on property used for other purposes. The arbitrary nature of such a provision appears even more pronounced when it is appreciated that the proposed ordinance provision is apparently operative regardless of how distant the relationship between the occupant of the mobile home and the owner or occupant of the farmstead.
These classifications obviously are not based upon substantial distinctions which make one class really different from another. Neither do such classes appear germane to the purposes of good zoning law. It is, therefore, my opinion that the above proposed alternate zoning provision would be vulnerable to attack as establishing arbitrary zoning classifications.
RWW:JCM