TOWN OF WAUKECHON, Appellant, v. CITY OF SHAWANO, Respondent.

*No. 171. Argued January 3, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 661.)

594

For the appellant there was a brief and oral argument by *Douglas D. Winter* of Shawano.

For the respondent there was a brief and oral argument by *Gerald L. Koenig,* city attorney.

HANLEY, J. The sole issue presented upon this appeal is whether the annexation ordinance should be declared void and illegal as violative of the "rule of reason."

In order to successfully challenge the validity of this annexation ordinance, the town must produce evidence to overcome the common-law presumption of validity which attaches to such ordinances. *Mt. Pleasant v. Racine* (1965), 28 Wis. 2d 519, 524, 137 N. W. 2d 656; *Town of Menasha v. City of Menasha* (1969), 42 Wis. 2d 719, 729, 168 N. W. 2d 161. Moreover, to be entitled to a reversal, the town must demonstrate that the findings of the trial court are contrary to the great weight and clear preponderance of the evidence. *Derusha v. Iowa*

*National Mut. Ins. Co.* (1970), 49 Wis. 2d 220, 222, 181 N. W. 2d 481. We think the town has failed to carry its burden on this appeal.

The town first contends that the area of proposed annexation is not, in a legal sense, contiguous to the city. To support this contention, the town cites *Mt. Pleasant v. Racine* (1964), 24 Wis. 2d 41, 127 N. W. 2d 757. In that case, the city of Racine attempted to annex approximately 145 acres of land within the town of Mt. Pleasant. The area of proposed annexation was connected with the existing Racine city limits by a corridor of land 1,705 feet long and varying in width from 306 to 152 feet. This court ruled out the annexation, noting that it was an attempt to annex an isolated area by means of a technical strip a few feet wide, which result did not coincide with legislative intent and which tended to create "crazy-quilt" boundaries which produced administrative difficulties for both the city and the town. *Mt. Pleasant v. Racine* (1964), 24 Wis. 2d 41, 46, 127 N. W. 2d 757. The town of Waukechon attempts to analogize that case with the instant action. We see no similarity between the cases. The area of proposed annexation herein is rectangular and is contiguous to the city for its entire 575-foot width. This is hardly the "balloon-on-a-string" annexation condemned in the *Mt. Pleasant Case.*

The appellant town next contends that the ordinance should be declared void and illegal because it creates an "island," citing *Town of Fond du Lac v. City of Fond du Lac* (1964), 22 Wis. 2d 533, 126 N. W. 2d 201, for the proposition that the creation of an island can demonstrate arbitrary or capricious action on the part of the city. However, the fact that an annexation creates an island does not, in and of itself, demonstrate unreasonableness, since there is nothing in the statutes or in the constitution which prohibits splitting a town into two or more parts by annexation. *Blooming Grove v. Madison* (1957),

275 Wis. 342, 344, 81 N. W. 2d 721. As stated in *Town of Fond du Lac v. City of Fond du Lac, supra,* at page 541:

"The question is not whether the city can have only one continuous boundary line but whether the proposed boundary lines are reasonable in the sense they were not fixed arbitrarily, capriciously, or in the abuse of discretion. . . ."

The question, therefore, is whether the boundary lines of the proposed annexation were arbitrarily established.

The town contends that arbitrariness is shown by the fact that the area of proposed annexation excludes a number of electors who would, presumably, defeat the annexation by referendum as occurred in 1964, when the city attempted to annex the "island" area. In the *Fond du Lac Case,* this court held that the creation of an island solely for the purpose of assuring the success of the annexation was an arbitrary, capricious action and an abuse of discretion, which invalidated the annexation. Here, however, the boundaries were not established with a view to excluding electors. Rather, they were established by Mrs. Kleemann, who petitioned for the direct annexation of her wholly owned land. The question of exclusion of electors is not presented in this case.

Finally, the town contends that the city has shown no need for the annexation of this land at the present time. Unless a municipality shows some reasonable present or demonstrable future need for the annexation, the proceeding violates the rule of reason. *Elmwood Park v. Racine* (1966), 29 Wis. 2d 400, 412, 413, 139 N. W. 2d 66. However, this court is not empowered to determine the wisdom of an annexation, since that is a question of policy, not one in fact, as this court stated in *In re City of Beloit* (1968), 37 Wis. 2d 637, 644, 155 N. W. 2d 633:

". . . What is 'desirable' or 'advisable' or 'ought to be' is a question of policy, not a question of fact. What is

'necessary' or what is 'in the best interest' is not a fact and its determination by the judiciary is an exercise of legislative power when each involves political considerations and reasons why there should or should not be an annexation. This is the general and universal rule which sharply draws the differentiating line between legislative power and judicial power and by which the validity of the delegation of functions to the judiciary by the legislature is determined. . . ."

Therefore, the only determination for this court is whether the city has shown *any* reasonable need for annexation; if such need is shown, the annexation will be upheld, without regard to what this court might think is in the best interests of the parties. *City of Beloit v. Town of Beloit* (1970), 47 Wis. 2d 377, 385, 177 N. W. 2d 361.

We think that the record supports the trial court's finding of reasonable need for annexation. Several witnesses testified that the soil could be polluted by the installation of 30 or more septic tanks and that the pollution could reach the Wolf river, which flows nearby. The threat of pollution would be eliminated by the installation of sanitary sewers, which the city plans to furnish on annexation. Appellant argues that the testimony of these witnesses is speculative and incredible. Credibility of witnesses, however, is for the trier of fact. *State v. Christopher* (1969), 44 Wis. 2d 120, 127, 170 N. W. 2d 803. Furthermore, the city has a comprehensive city plan which calls for residential development to the south of the city. Inasmuch as the area of proposed annexation is located near two schools, it would appear to be in an ideal location for such development. Clearly, in its attempt to eliminate a possible pollution problem and to expand residential areas in the vicinity of schools, the city has shown a reasonable need for the area of proposed annexation. We conclude that the annexation is not violative of the rule of reason.

*By the Court.*—Judgment affirmed.