TOWN OF WAUKESHA, Appellant, v. CITY OF WAUKESHA, Respondent. [Case No. 305.]

INGALLS and others, Appellants, v. CITY OF WAUKESHA, Respondent. [Case No. 306.]

*Nos. 305, 306. Submitted under sec. (Rule) 251.54
March 29, 1973.—Decided May 1, 1973.
(Also reported in 206 N. W. 2d 585.)*

526

"..."

For the appellants the cause was submitted on the brief of *Thomas E. Anderson* and *Lowry, Hunter & Tikalsky,* all of Waukesha, for appellants Otis Ingalls and Edwin Held; and *Clayton A. Cramer,* of Waukesha, for appellant Town of Waukesha.

For the respondent the cause was submitted on the brief of *William C. Lawler,* city attorney, and *John P. Buckley* of counsel, of Waukesha.

ROBERT W. HANSEN, J.   Viewed as two separate ordinances, each of the two annexation ordinances fully meet the requirements of the direct annexation statute.[1]  On the facts stipulated, the trial court correctly found:

---

[1] Sec. 66.021 (2) (a), Stats., provides:

"(a) *Direct annexation.* A petition for direct annexation may be filed with the city or village clerk signed by:

"1. A majority of the electors residing in such territory and either a. the owners of one-half of the land in area within such

". . . [E]ither one of the two annexations in question, if acted upon individually by the council without the other being involved, would have been valid annexations under the law and the requirements of the statute. . . . Individually these petitions complied with the legal and statutory requirements and were validly enacted by the common council of the city of Waukesha."

Appellants would have us hold the two annexation ordinances to be in reality "a single annexation divided into two parcels," engineered by the municipality. With the two poached eggs viewed as a single omelet, it is stipulated that statutory requirements for direct annexation would not be met and, additionally, appellants contend, the "rule of reason" would not be met.[2]

Appellants' position would have us disregard the fact that the petition for annexation of one of the two parcels of land involved was filed, as the statute authorizes, by owners of more than one half of the land in area in the parcel. Likewise, we are asked to ignore the fact that the second petition as to the other parcel was filed, as the statute authorizes, by the owners of more than one half of the real property involved based on assessed value. Challenged then is both the right to petition and the right to divide, with one group of petitioners basing

territory, or b. the owners of one-half of the real property in assessed value within such territory; or

"2. If no electors reside in such territory, by a. the owners of one-half of the land in area within such territory, or b. the owners of one-half of the real property in assessed value within such territory."

[2] *Town of Lyons v. Lake Geneva* (1972), 56 Wis. 2d 331, 337, 202 N. W. 2d 228, stating: ". . . Under this rule, (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness, (2) some reasonable present or demonstrable future need for the annexed property must be shown, and (3) no other factors must exist which would constitute an abuse of discretion. . . ."

its petition on area and a second group basing its petition on assessed value.

*Right to petition.* The state legislature has laid out certain roadways by which individual citizens or groups of citizens may petition for annexation of a parcel of land by a municipality. One such route to direct annexation provides that a majority of electors and owners of one half of the real property based on area may thus petition. Another route, available where there are no electors, provides that owners of one half of the real property, based on assessed value, may thus petition. One group of petitioners may take one route, a second group the other. Whether the alternative routes should be thus available is a question of policy for the legislature, not the courts, to determine.[3]

Where property owners have initiated the direct annexation proceedings involved, we cannot ignore their right to so petition unless we find some Svengali-Trilby relationship between the municipality and the petitioners involved. Here there is no gainsaying that the city of Waukesha wanted, encouraged and aided the petitioners in acting as they did. But there is no evidence that would make the city of Waukesha a puppeteer and the petitioners puppets dancing on a municipal string. They acted in the light of their desires and their best interests as they saw them and their right to do so, statutorily provided, is not to be disregarded.

*Right to divide.* Appellants put heavy stress upon the fact that the area, of which the two parcels here involved

---

[3] *In re City of Beloit* (1968), 37 Wis. 2d 637, 644, 155 N. W. 2d 633, stating: ". . . What is 'desirable' or 'advisable' or 'ought to be' is a question of policy, not a question of fact. What is 'necessary' or what is 'in the best interest' is not a fact and its determination by the judiciary is an exercise of legislative power when each involves political considerations and reasons why there should or should not be an annexation. . . ."

are a part, was earlier viewed and treated by the city of Waukesha as one unit. The idea seems to be that, what one municipality has joined together, let no man tear asunder. It is true this court, by divided vote, struck down an annexation where a city had divided a single school district into six slivers or portions so that six referenda, instead of one, would be held.[4] This multiple splitting was held to ". . . attenuate the right of referendum which the legislature intended to preserve. . . ."[5] However, one term earlier, this court negatived the idea that any dividing into "smaller, parallel annexations" was being outlawed.[6]

*Muuss* dealt with an annexation initiated by the city.[7] Here, as in *Scott,* we deal with direct annexations based on the petitions of landowners in the area. In a challenge to the propriety of boundary lines of the area sought to be annexed, that certainly makes a difference. As this court has said, ". . . Where property owners initiate direct annexation, we do not think the municipality may be charged with arbitrary action in the drawing of the boundary lines. . . ."[8]

*Rule of reason.* Even if the two petitions and ordinances are not to be scrambled into one annexation,

---

[4] *State ex rel. Polar Ware Co. v. Muuss* (1963), 18 Wis. 2d 521, 528, 118 N. W. 2d 853.

[5] *Id.* at page 528.

[6] *Scott v. Merrill* (1962), 16 Wis. 2d 91, 93, 113 N. W. 2d 846, stating: ". . . We are unable to read into the annexation statutes a legislative expression which interdicts smaller, parallel annexations. . . ."

[7] Sec. 40.035 (6), Stats. 1961.

[8] *Town of Lyons v. Lake Geneva, supra,* at page 338. *See also: Town of Waukechon v. Shawano* (1972), 53 Wis. 2d 593, 598, 193 N. W. 2d 661, stating, ". . . Here, however, the boundaries were not established with a view to excluding electors. Rather, they were established by Mrs. Kleemann, who petitioned for the direct annexation of her wholly owned land. The question of exclusion of electors is not presented in this case."

appellants contend that each, viewed separately, fails to meet the "rule of reason." [9] That rule or test has three requirements within it:

(1) *Arbitrariness*. To meet the standard, an annexation is not to contain "exclusions and irregularities" that establish "arbitrariness." Here we deal with parcels of land, contiguous to each other and to the city, with no "islands" of unannexed land within the area annexed. Such "islands" within the sea may establish "arbitrariness," but not necessarily so. [10] The main reliance of appellants is upon the existence of persons outside the two parcels, but within the area initially sought to be annexed, who are opposed to annexation. One case suggests that exclusion of such electors where there is no "municipal reason" for excluding them could result in a finding of arbitrariness. [11] It can, but not always or necessarily does. It is the result of the exclusions, as well as the inclusions, that must meet the test of being reasonable and appropriate. Where landowners petition for annexation, they are under no obligation to go beyond their immediate area of ownership to include persons or areas of no concern to them. The lady, whose petition for annexation was upheld, stopped at the boundaries of the land she owned. [12] Why would she do otherwise?

[9] *See:* Footnote 2.

[10] *Town of Fond du Lac v. City of Fond du Lac* (1964), 22 Wis. 2d 533, 541, 126 N. W. 2d 201, stating: ". . . The rule of reason applies to the exclusion of land consisting of an internal island as well as the inclusion of land by the external boundaries. The exclusion of land by the creation of an island within the city by the process of annexation must be as reasonably justified as the inclusion of the land around the island for city needs and purposes. A hole in a doughnut is natural but it must be proved so in a city."

[11] *Mt. Pleasant v. Racine* (1965), 28 Wis. 2d 519, 526, 137 N. W. 2d 656.

[12] *Town of Waukechon v. Shawano, supra.*

Folk wisdom has it that one can "go farther and do worse." But there was no requirement or reason for her or for either group of petitioners here to go farther.

(2) *Need for annexation.* Under the rule of reason it is required that "some reasonable present or demonstrable future need for the annexed property must be shown." Also to be considered, where the petition for annexation is made by landowners, is the will or wish of the petitioners, for as this court has said, ". . . The right to live in a particular municipal unit is an important right and should be protected by all the safeguards that the law provides. . . ." [13] As to petitions by landowners to be annexed, their wishes are relevant as well as the need of the municipality to annex. From either starting point, there would seem no room or reason for dispute here. In the cases before us the town does not assert that the city does not have a reasonable need for the territory annexed or that the petitioners do not desire annexation. Actually, sewer, water and fire protection services are already being provided by the city to the two parcels involved in the two annexation petitions.

(3) *Abuse of discretion.* The third requirement in the three-part rule of reason requires that "no other factors" exist which would constitute an "abuse of discretion." We do not see, in the cases before us and on this record, what such other factors could be, particularly not with the presumption of validity that attaches to such ordinances as we have here. [14] To be entitled to reversal, the appellants here would have to demonstrate that the findings of the trial court were contrary to the great weight

[13] *Blooming Grove v. Madison* (1948), 253 Wis. 215, 218, 33 N. W. 2d 312.

[14] *Mt. Pleasant v. Racine, supra,* at page 524; *Town of Menasha v. City of Menasha* (1969), 42 Wis. 2d 719, 729, 168 N. W. 2d 161.

and clear preponderance of the evidence.[15] Instead, we find entirely justified and concur completely with the trial court's conclusion that:

". . . the action of the city council was reasonable and was not arbitrary or capricious, and that the annexation of the two separate parcels by different petition procedure was validly completed under the statute and the laws by separate votes of the city council."

*By the Court.*—Judgments affirmed.

