In re Petition for Incorporation of Township of
  Campbell into Village of French Island: Town
  of Campbell, Petitioner-Respondent, v. City of La
  Crosse, Appellant.

*No. 75–491. Submitted on briefs May 4, 1977.—
Decided June 1, 1977.*
(Also reported in 254 N.W.2d 241.)

For the appellant the cause was submitted on the brief of *William J. Sauer*, deputy city attorney.

For the respondent the cause was submitted on the brief of *Charles G. Norseng* and *Steele, Smyth, Klos & Flynn-Chartered*, of La Crosse.

HANLEY, J. Two issues are presented on appeal:

1. Was the incorporation petition prematurely filed under sec. 66.01(9)(h), Stats?

2. Does the territory proposed for incorporation satisfy the minimum area requirements of sec. 66.015 (5), Stats?

*Timeliness of Petition*

Sec. 66.014(9)(h), Stats., provides that "no petition for the incorporation of the same or substantially the same territory shall be entertained for one year following the date of the denial of the petition or the date of any election at which incorporation was rejected by the electors."

The petition here was filed with the circuit court on March 27, 1975. A previous petition was denied by the department on May 11, 1973, judgment dismissing the petition being entered thereafter in the circuit court on May 17, 1973. A petition for review in the Dane County circuit court of the department's rejection of the previous incorporation petition was dismissed on August 9, 1973, and an appeal of that dismissal to this court was dismissed on April 4, 1974.

The question presented is, therefore, what does the statute mean by the language "the denial of the petition." The appellant contends that the denial of the previous petition is the final dismissal of the appeal in this court on April 4, 1974. Thus, appellant claims, one year did not elapse before the filing of the petition on March 27, 1975. We do not agree.

This court dealt with a similar question under the previous statutes in *In re Village of Elm Grove,* 267 Wis. 157, 64 N.W.2d 874 (1954). Prior to the creation in ch. 261, Laws of 1959, of the present incorporation procedures in which responsibility for review of an incorporation is placed, after a preliminary review by the circuit court, in an administrative agency, the responsibility for review of an incorporation as a village was held by the circuit court under ch. 61, Stats. In the *Elm Grove Case, supra,* a petition for incorporation was dismissed for a failure to meet formal notice requirements. A second petition was filed about three months after the dismissal. The appellant, town of Brookfield, contended the second petition was premature, relying upon sec. 61.07(3), Stats. (1953) which provided:

"(3) If the court shall deny such application, it may, in its discretion, by order, compel the applicants to pay such disbursements or any part thereof as shall have been incurred by the parties opposing the same. No petition for the incorporation of substantially the same territory shall be entertained for one year following the date of the denial of such application or the date of any election at which incorporation was rejected by the electors."

The final sentence of sub. (3) is virtually identical to the language of the present sec. 66.014(9) (h), involved in this case.

The court held in the *Elm Grove Case* that the denial referred to in the statute, which triggers a one year delay, was not one based upon a failure to meet the procedural conditions which are precedent to a hearing on the merits. Instead, the court held, the statute looked to a denial upon the merits of the incorporation. The court noted that under sub. (1) of sec. 61.07 (1953), the circuit court was obligated to deny incorporation if it was shown by signed petition that a majority of the freeholders or the owners of a majority of the property

value in the territory opposed the incorporation, just as though the incorporation had advanced to the election stage and was defeated. If no opposing petition was filed, a hearing upon the merits of the incorporation was required under sub. (2). The court concluded that the denial referred to in sub. (3) was a denial which arose under subs. (1) or (2) of sec. 61.07 (1953) :

"[T]he denial of the application which operates to delay a new proceeding for a year is a denial because a majority of freeholders or the owners of more than one half of the property value have signed and filed a protesting petition (sec. 61.07(1)) or because on the hearing (sec. 61.07(2)) the court finds that the territory to be incorporated does not have the characteristics of a village." 267 Wis. at 161–62.

In the *Elm Grove Case* the court found that the denial referred to in sub. (3) of sec. 61.07 (1953) was a denial by the circuit court which arose under the provisions of the section. This conclusion is consistent with the rule of statutory construction that a statutory subsection must be interpreted in reference to the statute as a whole and to statutes dealing with the same subject matter. *Student Ass'n of University of Wisconsin-Milwaukee v. Baum,* 74 Wis.2d 283, 291, 246 N.W.2d 622 (1976).

Interpreting sec. 66.014(9) (h) in accordance with the above rule of construction, and in light of the court's interpretation in the *Elm Grove Case,* this provision for a one year delay is unambiguous in its application in the instant case. The denial referred to is found within the other provisions of sec. 66.014(9). Under sec. 66.014 (9) (e) the department determines, in accordance with certain standards stated in sec. 66.016, Stats., whether the territory is proper for incorporation, and if the standards are not met, the department must determine that the petition shall be dismissed. This denial upon the

merits of the petition is the denial to which sec. 66.014 (9) (h) refers.

Under the appellant's theory, any appeal, whether or not taken in good faith, of a dismissal of an incorporation petition would delay the running of the one year before a new petition could be entertained. We see nothing within the statute which would indicate the legislature intended that an appeal of a denial should affect the date of the denial for the purpose of determining when the year delay begins to run.

We hold in the instant case that the date of denial under sec. 66.014(9)(h), where the department has denied the petition, is not the date of the dismissal of a subsequent appeal to this court.

*Minimum Area Requirement*

Under sec. 66.015, Stats., the circuit court is required, before referring an incorporation petition to the department, to find that certain minimum area requirements are met. Where the proposed boundary of a metropolitan village is within five miles of a city of the second class, it is a prerequisite for incorporation that the village have a minimum area of four square miles. Sec. 66.015(5), Stats. The appellant contends that in this case, where the proposed village is contiguous to La Crosse, a city of the second class, this minimum area requirement is not met because of the approximately 4.2 square miles of land in the territory proposed for incorporation, about 2.5 square miles is land within floodway lines.

The statute simply requires a minimum area and does not specify that areas of certain characteristics be excluded. The circuit court under sec. 66.015 is only to determine if the territory is of the minimum area. The

254

characteristics of the territory are a consideration for the department under sec. 66.016, Stats.

Here the record shows the territory had a total area of approximately 12.5 square miles, including about 4.2 square miles of land. The trial court was correct in finding the 4 square mile minimum area requirement was met.

*By the Court.*—Order affirmed.