In re the Incorporation of the Town of Port Washington as a Village:

Jon Wirth and Lee Schlenvogt, Petitioners-Appellants,

v.

City of Port Washington, Intervenor-Respondent-Respondent.

Court of Appeals

*No. 01–0583. Submitted on briefs August 24, 2001.—Decided October 10, 2001.*

2001 WI App 277

(Also reported in 637 N.W.2d 442.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *H. Stanley Riffle* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

On behalf of the intervenor-respondent-respondent, the cause was submitted on the brief of *Eric E. Eberhardt*, city attorney.

Before Brown, Anderson and Snyder, JJ.

¶ 1. BROWN, J. On this appeal we are asked to determine whether an inaccurate scale map accompanying an incorporation petition can be deemed to

"reasonably show[] the boundaries" of the territory to be incorporated as required under Wis. Stat. § 66.014(2)(c) (1997–98).[1] Our answer is that if the scale map and description, when viewed together, fairly apprise the public of the territory to be incorporated, the statute will be satisfied notwithstanding inconsequential errors or omissions in the map. In this case, the description and map together leave no doubt as to the location of the territory sought to be incorporated. We therefore reverse the orders of the trial court dismissing the petition and remand for further proceedings consistent with this opinion.

¶ 2. Jon Wirth and Lee Schlenvogt are the designated representatives for the Town of Port Washington in the incorporation proceeding. After they filed the petition, the notice of filing the petition and the notice of hearing, as required by Wis. Stat. § 66.014(4), the trial court granted permission for the City of Port Washington to intervene. At the hearing to determine whether the petition met the requirements of § 66.014 and Wis. Stat. § 66.015, the City argued that the scale map attached to the petition did not reasonably show the boundaries of the territory sought to be incorporated. Specifically, the court heard testimony that the map incorrectly included five parcels, totaling 93.99 acres, which had previously been annexed by the City and the Village of Saukville. Based on this testimony,

---

[1] Wisconsin Stat. § 66.014(2)(c) (1997–98) has been renumbered as Wis. Stat. § 66.0203(2)(c) (1999–2000). Unless otherwise noted, we will refer to the 1997–98 version of the Wisconsin Statutes throughout this opinion because that is the version cited by the parties and the trial court. The 1999–2000 version of the statutes cited herein contain no substantive changes of significance to this appeal.

the trial court issued a memorandum decision and order to dismiss the petition on the grounds that the scale map was not sufficiently accurate to determine the boundaries of the territory to be incorporated. The trial court later denied the representatives' motion for reconsideration.

¶ 3. On appeal, the representatives contend that the trial court erred by imposing a standard of absolute accuracy not required by the statute. They assert that based on all the evidence, the map reasonably showed the territorial boundaries. The City responds that the court did not mistakenly impose a standard of absolute accuracy and that under the prescribed standard of reasonableness the scale map is defective because it contained territory previously annexed by the City and Village of Saukville. We do not reverse a trial court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2). The determination of what is "reasonable," however, involves the application of a legal standard to a set of facts and is therefore a question of law. *See Wassenaar v. Panos*, 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983).

¶ 4. The statute setting forth the procedural requirements for incorporation petitions provides in relevant part:

> The petition shall designate a representative of the petitioners, and . . . describe the territory to be incorporated with *sufficient accuracy* to determine its location and have attached thereto a scale map *reasonably showing* the boundaries thereof . . . .

WIS. STAT. § 66.014(2)(c) (emphasis added). There is no case in Wisconsin that addresses how this standard shall be applied in determining the sufficiency of a scale

map in an incorporation proceeding. We find guidance, however, in a number of cases reviewing the sufficiency of legal descriptions in annexation proceedings under Wis. Stat. § 66.021(4) (1991–92). Prior to the enactment of 1993 Wis. Act 247, § 66.021(4) set forth the requirements for annexation petitions in language identical to that under the current statute for incorporation petitions. Before we discuss the case law, we will review the legislative changes to the annexation statute.

. ¶ 5. Prior to 1993, Wis. Stat. § 66.021(4) provided in relevant part:

> **(4)** Petition. (a) The petition shall state the purpose of the petition and contain a description of the territory proposed to be annexed, *sufficiently accurate* to determine its location, and have attached thereto a scale map *reasonably showing* the boundaries of such territory and the relation of the territory to the municipalities involved.

Wis. Stat. § 66.021(4)(a) (1991–92) (emphasis added). The passage of 1993 Wis. Act 247, § 1 removed the flexible standard embodied in the italicized language and imposed in its place specific definitions of the terms "legal description" and "scale map" as set forth below:

> (am) "Legal description" means a complete description of land to be annexed without internal references to any other document, and shall be described in one of the following ways:

> 1. By metes and bounds ... and in one of the following ways:

> a. By government lot.

> b. By recorded private claim.

c. By quarter section, section, township and range.

. . . .

(e) "Scale map" means a map that accurately reflects the legal description of the property to be annexed and the boundary of the annexing city or village, and that includes a graphic scale on the face of the map.

WIS. STAT. § 66.021(1)(am), (e) (1993–94). The requirements for the petition incorporated these terms: "The petition shall . . . contain a legal description of the territory proposed to be annexed and have attached thereto a scale map." Sec. 66.021(4)(a).

¶ 6. We presume the legislature enacted this legislation with full knowledge of existing law, *see Town of Madison v. City of Madison*, 269 Wis. 609, 614, 70 N.W.2d 249 (1955), and purposefully imposed more stringent standards of accuracy in scale maps and legal descriptions associated with annexation petitions. Indeed, our interpretation of the statute leads us to the conclusion that the legislature made a clear choice to treat annexations differently from incorporations. This distinction is entirely reasonable, given the unique real time difficulties annexation presents to governmental entities. Annexation, for example, subjects the territory to the jurisdiction and government of the annexing municipality. *See Town of Blooming Grove v. City of Madison*, 70 Wis. 2d 770, 774, 235 N.W.2d 493 (1975) ("Annexation of territory from a township may in fact have serious consequences to the town, not the least of which may be its tax base.").[2] The petition in an incorporation action, however, is merely the first step in

---

[2] The courts have addressed the perplexing problems associated with annexation by applying the established rule of strict

a long and arduous campaign to change the legal entity of the area under consideration. The complexities inherent in the incorporation process are realized during review by the Department of Administration. *See, e.g.,* Wis. Stat. § 66.016(1)(a). On the other hand, the complexities in the annexation process are brought to bear by the petition process itself. *See, e.g.,* Wis. Stat. § 66.021(5)(a).

¶ 7. We now turn to the case law that reviewed the sufficiency of annexation petitions under the former versions of Wis. Stat. § 66.021(4). In *Town of Greenfield v. City of Milwaukee*, 272 Wis. 388, 392, 75 N.W.2d 434 (1956), a notice of intent contained an erroneous legal description which stated 91 feet instead of 915 feet. In upholding the validity of the legal description, the court determined that the standard to be applied is whether the area sought to be annexed is "susceptible of reasonable identification" even though the description is erroneous or incomplete. *Id.* Thereafter, in *City of Madison v. Village of Monona*, 10 Wis. 2d 32, 37–38, 102 N.W.2d 206 (1960), the court determined that a scale map containing minor errors nonetheless reasonably showed the boundaries of the territory to be annexed. In addition, a legal description that omitted the heading[3] was sufficiently accurate to identify the location of the property in question. *Id.* at 36. Finally, in *Town of Menasha v. City of Menasha*, 42 Wis. 2d 719, 735–37,

---

conformity with the statutory mandate. *See Town of Blooming Grove v. City of Madison*, 70 Wis. 2d 770, 774, 235 N.W.2d 493 (1975).

[3] The heading was the initial paragraph of the legal description that described the town, range and section numbers in which the particular parcel of land was located. *City of Madison v. Village of Monona*, 10 Wis. 2d 32, 35–36, 102 N.W.2d 206 (1960).

168 N.W.2d 161 (1969), the court held that an erroneous legal description (labeled west instead of east) was sufficiently accurate under the statute because it was not misleading, and the scale map verified the area proposed to be annexed.

¶ 8. The approach we glean from these cases is that if the description and the map, when viewed together, fairly apprise the public of the territory to be incorporated, the statute will be satisfied notwithstanding certain errors or omissions. We turn now to the evidence presented to the trial court.

¶ 9. Our review of the record reveals that the description and map together made clear that the incorporation involved all of the territory within the Town of Port Washington. The description, though worded in the negative, accurately reflected the intent of the incorporation.[4] A detailed metes and bounds description is not required for incorporation as it is for annexation. There was no testimony that anyone was confused or misled by the inaccuracies in the map. All of the erroneously included territory was land annexed to the City or Village of Saukville, which one would reasonably understand was not included in the territory sought to be incorporated into a village.

¶ 10. Thus, when the description and map contained in the petition are viewed together, there can be no doubt as to the location of the territory sought to be incorporated. The territory was clearly identifiable and could be ascertained by the public. Moreover, the errors

---

[4] The description defined the incorporated territory as including all of the Town of Port Washington that was not part of the City of Port Washington or the Village of Saukville.

901

in the map are inconsequential when compared to the total amount of territory, more than 18 square miles, involved in this case. The 94 acres which are the subject of this dispute comprise less than one percent of the territory sought to be incorporated. We determine that the errors that comprise this tiny fraction of the total incorporation are de minimis and do not render the scale map insufficient so as to void the incorporation petition. *See Town of Delavan v. City of Delavan*, 176 Wis. 2d 516, 530–31, 500 N.W.2d 268 (1993) (applying principle of de minimis to hold trivial lack of contiguity insufficient to void annexation).

¶ 11. We believe this result is founded in sound public policy. Territories are often subject to protracted and overlapping struggles between governing entities. Indeed, such is the situation in this case. We observe that the annexation of the largest parcel, known as the Balistreri property and consisting of approximately 46 acres, occurred on November 23, 1999, after the notice of intent was published. Therefore, the Balistreri property was accurately depicted on the scale map as of October 21, 1999, the date the notice was filed, but was inaccurately depicted as of April 18, 2000, the date the petition was filed. Finally, on November 13, 2000, a trial court declared the Balistreri annexation void. An absolute standard of accuracy would require petitioners to continuously track legal challenges to annexations and to constantly update scale maps during the course of the incorporation proceeding. There is no indication in the statute that petitioners are required to submit maps with this degree of accuracy. As the facts in this case suggest, an exact standard would impose an impractical, if not impossible, burden on petitioners.

Based on the foregoing, we reverse the orders of the trial court and remand for further proceedings consistent with this opinion.

*By the Court.*—Orders reversed and cause remanded with directions.