IN the MATTER OF the INCORPORATION AS A VILLAGE OF CERTAIN TERRITORY IN the TOWN OF CAMPBELL:

TOWN OF CAMPBELL, Petitioner-Appellant,

v.

CITY OF LA CROSSE, Respondent-Respondent.

Court of Appeals

No. 02–1150. Submitted on briefs October 11, 2002.—
Decided June 12, 2003.

2003 WI App 139

(Also reported in 667 N.W.2d 356.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Roger W. Clark* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Mark J. Steichen, Lawrie J. Kobza* and *Sarah A. Zylstra* of *Boardman, Suhr, Curry & Field LLP* of Madison.

Before Vergeront, P.J., Roggensack and Lundsten, JJ.

¶ 1. ROGGENSACK, J. The Town of Campbell[1] appeals the circuit court's order dismissing a petition to incorporate territory in the Town of Campbell, to be known as the Village of French Island. Because the petition includes territory subject to annexation proceedings that commenced prior to the incorporation proceeding, the annexation takes precedence over the property subject to both the annexation ordinances and the petition to incorporate. Additionally, because we conclude that the use of a contingent narrative description for the territory to be incorporated is insufficient to satisfy the statutory requirements for incorporation set out in WIS. STAT. § 66.0203 (2001–02),[2] we affirm the circuit court's order dismissing the petition.

## BACKGROUND

¶ 2. This case involves a lengthy struggle between the City of La Crosse and the Town of Campbell over competing annexation ordinances and incorporation

---

[1] Helen Vitale and Robert Wolfert are the designated representatives for the Town of Campbell in the incorporation proceeding. However, we will refer to the incorporation petitioners collectively as Campbell for purposes of this appeal.

[2] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted. WISCONSIN STAT. ch. 66 was recodified and reorganized by 1999 Wis. Act 150, that renumbered WIS. STAT. § 66.014 (1997–98) as WIS. STAT. § 66.0203.

petitions that lay claim to territory in the town. The material facts are not in dispute. Prior to March 1997, residents of certain properties in the town petitioned for direct annexation to the City of La Crosse. On March 5, 1997, a petition to incorporate territory in the town as the Village of French Island was filed with the La Crosse County Circuit Court (1997 Petition). The 1997 petition included territory that was already subject to annexation proceedings. The circuit court determined that the petition met the minimum area and formal signature requirements, under Wis. Stat. §§ 66.0203 and 66.0205, and referred the petition to the Department of Administration to determine whether the territory met the standards for incorporation under Wis. Stat. § 66.0207.

¶ 3. La Crosse moved to dismiss the 1997 petition, contending that it violated the rule of prior precedence by including territory already subject to annexation proceedings. The circuit court denied the motion. Subsequently, the circuit court held that some of the annexation ordinances were invalid because the territories were not contiguous to La Crosse. La Crosse moved to stay the court's decision; however, the court denied stay and the territory previously annexed reverted back to the town. La Crosse appealed.

¶ 4. Following the circuit court's decision invalidating the annexations, Campbell moved to include the territory subject to the earlier annexations in the incorporation petition, or alternatively, to dismiss the petition so that a new petition could be filed. Before the circuit court acted on the motion, on January 3, 2001, a notice of intent to circulate an incorporation petition

was published[3] and on February 12, a second incorporation petition (2001 petition), the subject of this appeal, was filed with the La Crosse County Circuit Court. In a decision and order filed June 19, 2001, the circuit court dismissed the 1997 petition.

¶ 5. The 2001 incorporation petition purported to incorporate the entire town and therefore necessarily included within the description territory that had been annexed to La Crosse, but returned to the town by a decision of the circuit court. However, the legal description also contained a contingency clause providing that "should the Court of Appeals overturn the Circuit Court," regarding the annexations, "said parcels shall be considered to be deleted from this description as to give rise to no conflict between the annexations and the incorporation." The clause also provided that certain territories, subject to annexation by La Crosse, were not included in the description but in the event the annexations were defeated and territory returned to the town, "that said annexations . . . be included within the proposed Village."[4]

---

[3] The notice of intent to circulate an incorporation petition described the territory to be incorporated as "the entire land and water of the Town of Campbell, La Crosse County, Wisconsin."

[4] The narrative description states in relevant part:

> A. Certain annexations have been made by the City of La Crosse which have been challenged by the Town. The Judgment of the Circuit Court of La Crosse County has declared said annexations void and the property which was subject to the annexation returned to the jurisdiction of the Town. All such annexations are intended to be included in this description so as to leave no remainder of the Town. The City of La Crosse has appealed to the Court of Appeals for the State of Wisconsin and should the Court of Appeals overturn the Circuit Court, said annexations could possibly be determined to be legally preceding this Petition con-

¶ 6. La Crosse moved to dismiss the 2001 incorporation petition, contending that it violated the rule of prior precedence just as the 1997 petition had, and that it contained an invalid contingent narrative description. The parties stipulated, however, that the 2001 petition met the formal signature and minimum area requirements. The circuit court denied La Crosse's motion and referred the petition to the department for proceedings pursuant to WIS. STAT. § 66.0207. The court reasoned that the incorporation petition did not conflict with the annexation proceedings because Campbell conceded priority to the annexations. The court did not reach the issue of the validity of the contingent narrative description.

¶ 7. On August 30, 2001, we reversed the circuit court regarding the annexations and returned the annexed territories to La Crosse. *Town of Campbell v. City of La Crosse*, 2001 WI App 201, 247 Wis. 2d 946, 634 N.W.2d 840. La Crosse renewed its motion to dismiss

taining this legal description which includes said lands. In the event of such legal contingency, said parcels shall be considered to be deleted from this description as to give rise to no conflict between the annexations and the incorporation. In the event that the Town's continuing legal challenge is sustained by final judgment declaring any or all annexations void, such void annexations shall be reinstated to be included within this legal description so as to leave no remainder of the Town.

 B. Certain annexations have been passed by the City of La Crosse that continue to be contested by the Town of Campbell. These annexations are not included in the description of the proposed Village because of said existing presumption that they are within the jurisdiction of the City of La Crosse. The excluded annexations cover Lots 4 through 13 of Terpstra Addition to Hiawatha Islands Addition. Should the Town successfully defeat any of such annexations thereby returning the property to the Town of Campbell then it is intended that said annexations be a part of the description of the entire Town and be included within the proposed Village.

the 2001 incorporation petition. The circuit court agreed and ordered the petition dismissed, reasoning that it violated the rule of prior precedence and that the contingent narrative description was contrary to statutory requirements of Wis. Stat. § 66.0203. Campbell appeals.

## DISCUSSION

### Standard of Review.

¶ 8. The resolution of this case requires us to determine whether the 2001 petition violates the rule of prior precedence, a question of law that we review *de novo*. *Town of Delavan v. City of Delavan*, 176 Wis. 2d 516, 527, 500 N.W.2d 268, 272 (1993). Additionally, we must determine whether a contingent narrative description is contrary to statutory procedures for incorporation. The construction of a statute and its application to undisputed facts also present questions of law that we review without deference to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

### Rule of Prior Precedence.[5]

¶ 9. The rule of prior precedence is a common law rule "created to ensure that the proceedings first instituted have precedence." *Town of Delavan*, 176 Wis. 2d

---

[5] Because the 2001 petition expressly includes the annexed territories within the boundaries of the proposed village, we address first whether the petition violates the rule of prior precedence with said territories included in the description.

at 532, 500 N.W.2d at 273 (citation omitted). The rule provides that "in case of conflict between competing annexations, or between an annexation and a proceeding for the incorporation of a city or village, the proceeding first instituted has precedence, and the later one must yield." *Village of Brown Deer v. City of Milwaukee*, 274 Wis. 50, 58, 79 N.W.2d 340, 344–45 (1956). The purpose of the rule is "to ensure the smooth dovetailing of multiple proceedings." *Delavan*, 176 Wis. 2d at 534, 500 N.W.2d at 274.

¶ 10. Campbell does not dispute that the annexation proceedings originated prior to the 2001 petition. Rather, Campbell argues that the petition does not violate the rule of prior precedence because the annexation proceedings lost "priority status" when the ordinances were deemed invalid and dismissed by the circuit court. Campbell cites no legal authority for this position. It builds its case on: (1) the rules regarding the finality of circuit court decisions for purposes of appeals as of right under Wis. Stat. §§ 808.03 and 808.04 and (2) the annexation statutes that are silent with regard to the continued "effectiveness" of annexations during appeal. Accordingly, Campbell contends that because the circuit court's decision was a "final judgment," it terminated the priority status of the annexations, clearing the "legal field" for the 2001 petition. We disagree.

¶ 11. The underlying purpose of the rule of prior precedence is plain: "to protect the integrity of the prior proceeding." *Delavan*, 176 Wis. 2d at 535, 500 N.W.2d at 274–75; *Popenfus v. City of Milwaukee*, 208 Wis. 431, 243 N.W. 315 (1932). Accordingly, in *Town of Delavan v. City of Delavan*, 168 Wis. 2d 566, 484 N.W.2d 343 (Ct. App. 1992), we held that the rule of prior precedent barred competing annexation or incorpora-

tion proceedings during the review and appeal process of the prior proceeding. *Town of Delavan*, 168 Wis. 2d at 574, 484 N.W.2d at 346. In *Delavan*, annexation proceedings were commenced before the circuit court formally dismissed the incorporation proceedings, but after the department determined that the territory did not meet the standards for incorporation under WIS. STAT. § 66.0207. *Id.* at 573, 484 N.W.2d at 346.

¶ 12. The supreme court disagreed with our "literal application" of the rule of prior precedence and held that in determining whether an incorporation proceeding's priority status terminated, a functional interpretation of the rule was warranted. *Town of Delavan*, 176 Wis. 2d at 534–35, 500 N.W.2d at 274–75. The court reasoned that our rule of "complete finality" unnecessarily restricted a flexible application of the rule and had the potential to "paralyze the legal process so as to delay subsequent actions years into the future." *Id.* at 535, 500 N.W.2d at 275. The court then articulated certain factors to be considered to determine whether a proceeding's priority status terminated, "no longer warrant[ing] judicial protection against competing proceedings." *Id.* at 537, 500 N.W.2d at 275. The factors include: (1) ultimate likelihood of success of the prior proceeding, (2) the level of deference due the prior determination, and (3) the strong presumption of validity that is accorded a petition for direct annexation. *Id.* at 535, 500 N.W.2d at 275. Based on these factors, the supreme court held that the annexations could proceed because the likelihood that a court would reverse the department's dismissal of the incorporation petition was slim. However, the court cautioned: "although reversal of the dismissal is unlikely it is legally possible. Annexation petitions filed prior to the final

resolution of the prior incorporation proceeding are undertaken solely at the petitioner's risk." *Id.* at 538, 500 N.W.2d at 276.

¶ 13. The *Delavan* standard controls our application of the rule of prior precedence, and contrary to Campbell's assertion, it does not turn on the finality of the judgment or on the continued effectiveness of the annexation ordinance. *Delavan* instructs that competing petitions may not proceed simultaneously where the prior proceeding has a reasonable likelihood of success. Campbell's reliance on the rules regarding the finality of circuit court decisions is therefore misplaced, as it disregards the supreme court's functional interpretation of the rule of prior precedence.

¶ 14. Applying the *Delavan* standard to the facts here, we conclude that the rule of prior precedence bars the 2001 petition from proceeding *with* the annexed territories remaining within the boundaries of the proposed village. It is true that at the time the 2001 petition was filed, the circuit court had rendered an adverse decision regarding the validity of the annexations. However, because of the strong presumption of validity accorded direct annexations, the *de novo* level of review applied to the circuit court's determination and the ultimate likelihood that the validity of the annexations would be vindicated on appeal, judicial protection against competing proceedings continued to be warranted. Indeed, we reversed the circuit court and upheld the validity of the annexations, returning the territory to La Crosse. *See Town of Campbell*, 247 Wis. 2d 946, ¶ 19.

¶ 15. Accordingly, we agree with the circuit court that the annexation proceedings continued to retain their priority over the incorporation proceedings. How-

117

ever, because the 2001 petition contains a contingent narrative description of territory to be incorporated that excises the annexed territory in the event that the annexations are held valid on appeal, we next consider whether the contingent description is sufficient to satisfy WIS. STAT. § 66.0203.

## Incorporation Proceedings.

¶ 16. Incorporation procedures are set out in WIS. STAT. ch. 66 and require two descriptions: one narrative (at issue here) and one visual (a map). The resolution of whether a contingent narrative description is legally sufficient turns on whether that description satisfies the statutory requirement to "describe the territory to be incorporated with sufficient accuracy to determine its location" as set out in WIS. STAT. § 66.0203(2)(c).[6]

---

[6] WISCONSIN STAT. § 66.0203 refers to the narrative description in several places. It provides in relevant part:

> **(1)** NOTICE OF INTENTION. At least 10 days and not more than 20 days before the circulation of an incorporation petition, a notice setting forth that the petition is to be circulated and including *an accurate description of the territory involved shall be published* within the county in which the territory is located as a class 1 notice, under ch. 985.

> **(2)** (a) The petition for incorporation of a village or city shall be in writing signed by 50 or more persons . . . in the territory to be incorporated . . . .

> . . .

> (c) The petition shall . . . *describe the territory to be incorporated with sufficient accuracy to determine its location* and have attached to the petition a scale map reasonably showing the boundaries of the territory.

> **(4)** NOTICE. . . .

¶ 17. The purpose of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506, 509 (1997). If the words of the statute convey legislative intent, that ends our inquiry. *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). However, if the language used is capable of more than one meaning, we determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history and the object which the legislature intended to accomplish. *Truttschel*, 208 Wis. 2d at 365–66, 560 N.W.2d at 317.

¶ 18. Campbell argues that a contingent description of the territory satisfies the WIS. STAT. § 66.0203 requirements because absolute accuracy is not required. By contrast, La Crosse contends that one must be able to determine the location of the territory subject to incorporation from the face of the petition and a contingent petition's location is a moving target whose accuracy cannot be determined, contrary to statutory directive.

¶ 19. There is no Wisconsin case that examines the requirements of the narrative description of WIS.

---

(b) The notice shall contain:

1. *A description of the territory sufficiently accurate to determine its location* and a statement that a scale map reasonably showing the boundaries of the territory is on file with the circuit court.

(Emphasis added). We have used the words of § 66.0203(2)(c) for a petition, but we do not ascribe any significance to the legislature's various statements of the narrative description.

Stat. § 66.0203. Campbell relies on *Schatzman v. Town of Greenfield*, 273 Wis. 277, 77 N.W.2d 511 (1956) and *Village of Brown Deer*, 274 Wis. 2d at 65–66, 79 N.W.2d at 349, to argue that "the law is flexible" toward the use of contingent descriptions as a means of dealing with competing proceedings and the rule of prior precedence. Campbell asserts that a contingent description provides a practical method for an incorporation petition to proceed in tandem with annexations without interfering with the annexations.

¶ 20. Our reviews of *Schatzman* and the *Village of Brown Deer* cause us to conclude that neither case decides whether a contingent narrative description is sufficient under the statute. The *Schatzman* court addressed whether a neighboring municipality had a sufficient stake in certain incorporation proceedings to intervene as a matter of right. The decision specifically "express[es] no opinion concerning the efficacy of such a contingent description in an incorporation proceeding." *Schatzman*, 273 Wis. 2d at 279, 77 N.W.2d at 512. Similarly, in *Village of Brown Deer*, the supreme court declined to "pass upon the validity" of a consolidation ordinance that contained a severability provision, similar in effect to the contingent description at issue here. The court arrived at its decision that the annexations had priority over the consolidation, "assuming the validity of the consolidation." *Village of Brown Deer*, 274 Wis. at 66, 79 N.W.2d at 349.

¶ 21. As an initial matter, we note that a contingent narrative description on its face presents more than one potential location of the territory to be incorporated.[7] In order to identify the actual location, one

---

[7] Here, Campbell presents two alternatives. However, if a contingent description were permissible, one could argue that

must make reference to information not present in the narrative description. For example, in order to determine which part of the narrative description was operative here, one would have had to have consulted the latest decision on the pending annexation ordinances.

¶ 22. We conclude that there are significant conflicts between a contingent narrative description that provides for more than one location and the controlling statute's requirements. First, the circuit court must determine whether the petition meets the formal and signature requirements and the additional requirements provided in WIS. STAT. § 66.0205. WIS. STAT. § 66.0203(8). If the standards are met, the petition is referred to the department for a review of the merits under WIS. STAT. § 66.0207. The findings of both the court and the department are based on the facts as they existed at the time of the filing of the petition. Section 66.0203(9)(g). A change in location is a change in facts material to the petition.

¶ 23. Second, a person signing a petition can do so only if he/she is an elector and a freeholder of property within the territory subject to incorporation. WIS. STAT. § 66.0203(2)(a). When the location of the territory changes due to a contingency in the description having been met, an elector/freeholder may have signed a petition that will not apply to him/her when the incorporation is effected. Therefore, such a signature will violate § 66.0203(2)(a). Because the statutes do not permit withdrawals of signatures to a petition for incorporation, § 66.0203(2)(e), the error cannot be corrected by the signatory. Third, when the department reviews a petition, if it determines that the territory

having two alternative locations is only the beginning of what could be included in an incorporation petition's narration.

sought to be incorporated is problematic for one reason or another and it dismisses the petition, it can do so with the recommendation that a "new petition be submitted to include more or less territory." Section 66.0203(9)(e)3. That the statutory scheme directs the department to recommend the filing of a new petition, rather than amending the narrative description of the location of the territory in a pending petition, suggests to us that the narrative description on its face must be sufficient to identify the territory at the time the incorporation petition is filed. Accordingly, we conclude that an accurate location of the territory proposed to be incorporated must be apparent from the face of the petition. Therefore, use of a contingent description is insufficient to satisfy the statutes.[8]

¶ 24. In concluding that the use of a contingent description is contrary to statute, we recognize Campbell's concern regarding the potential for "town remainders" in the event the incorporation proceedings succeed and the annexations fail. However, there exist statutory procedures that Campbell may use to remedy the impact of an incomplete incorporation on the remainder of the town, for example, by annexation, consolidation or boundary agreement. See WIS. STAT. §§ 66.0217, 66.0229 and 66.0307.

---

[8] In *Wirth v. City of Port Washington*, 2001 WI App 277, 248 Wis. 2d 893, 637 N.W.2d 442, we permitted some flexibility in the accuracy of the map that showed the boundaries of the territory. *Id.*, ¶ 11. However, the map is a visual representation that "reasonably shows the boundaries" of the territory. We did not examine the statutory requirements of the narrative description that must "describe the territory to be incorporated with sufficient accuracy to determine its location." *See* WIS. STAT. § 66.0203(2)(c).

## CONCLUSION

¶ 25. Because the petition includes territory subject to annexation proceedings that commenced prior to the incorporation proceeding, the annexation takes precedence over the property subject to both the annexation ordinances and the petition to incorporate. Additionally, because we conclude that the use of a contingent narrative description for the territory to be incorporated is insufficient to satisfy the statutory requirements for incorporation set out in WIS. STAT. § 66.0203, we affirm the circuit court's order dismissing the petition.

*By the Court.*—Order affirmed.